UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEVIN WILLIAM SCHIEBEL,

        Plaintiff,

 -against-            6:14-CV-00739 (LEK/TWD)

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

        Defendant.

_____

**DECISION AND ORDER**

**I. INTRODUCTION**

Presently before the Court is Plaintiff Kevin William Schiebel's counsel's motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1). Dkt. No. 20 ("Motion"). For the reasons that follow, the Motion is granted.

**II. BACKGROUND**

On November 24, 2014, after a stipulation entered into by both parties, Dkt. No. 14 ("Stipulation"), Magistrate Judge Thérèse Wiley Dancks reversed the Commissioner of Social Security's determination that Plaintiff Kevin William Schiebel was not disabled and remanded for further proceedings, Dkt. Nos. 15, 16. On February 3, 2015, this Court awarded Schiebel's counsel attorney's fees in the amount of $4,829.03 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 19.

On May 25, 2016, Administrative Law Judge John M. Lischak found that Schiebel was disabled starting October 8, 2010. Dkt. No. 20-2 ("Exhibit A") at 9. Schiebel and his attorneys had entered into a contingency fee agreement on April 23, 2014. Dkt. No. 20-4 ("Exhibit C")

at 1–3. That agreement provided that, if Schiebel's case was remanded from federal court and his attorneys successfully represented him on remand by obtaining disability benefits for him, he would pay his attorneys twenty-five percent of all of his past-due benefits. Id. at 1. Accordingly, on June 29, 2016, Schiebel received a Notice of Award from the Social Security Administration, notifying him that the total amount of his past-due benefits for the period between April 2011 and June 2016 was $107,324.80, and that it was withholding twenty-five percent of the award ($26,831.20) in the event that it had to pay Schiebel's attorneys pursuant to a fee agreement. Dkt. No. 20-3 ("Exhibit C") at 1–3.

On July 20, 2016, Schiebel's counsel moved for attorney's fees in the amount of $26,831.20 pursuant to § 406(b)(1). Mot; Dkt. No. 20-1 ("Memorandum") ¶ 11. Schiebel's counsel noted that, in accordance with the applicable law,[1] it would return the EAJA fee it had obtained to Schiebel if the Court awarded fees under § 406(b)(1). Mem. ¶ 11. On July 25, 2016, the Commissioner filed a letter brief informing the Court that, while she had "no objections to the Section 406(b) fee motion," that provision requires the Court to independently examine the fee award in question for reasonableness. Dkt. No. 21 ("Letter Brief") at 3. The Commissioner also noted that the hourly rate reflected by the submissions filed by Schiebel's counsel was $975.68. Id. at 2.

---

[1] "[F]ee awards under both the EAJA and § 406(b) may be awarded, but the claimant's attorney must refund the claimant the amount of the smaller fee." Heffernan v. Astrue, 87 F. Supp. 3d 351, 354 (E.D.N.Y. 2015) (quoting Devenish v. Astrue, 85 F. Supp. 3d 634, 636 (E.D.N.Y. 2015)).

## III.    DISCUSSION

Under the Social Security Act, "a court may award an attorney who represents a prevailing claimant in a social security case 'a reasonable fee . . . not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled.'" Benton v. Comm'r of Soc. Sec., No. 03-CV-3154, 2007 WL 2027320, at *1 (E.D.N.Y. May 17, 2007) (quoting § 406(b)(1)). In determining whether a fee is "reasonable," a court "must begin with the [fee] agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Barbour v. Colvin, No. 12-CV-548, 2014 WL 7180445, at *1 (E.D.N.Y. Dec. 10, 2014) (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)). The court then evaluates several factors, including:

> (1) whether the retainer was the result of fraud or overreaching;
> (2) whether the attorney was ineffective or caused unnecessary delay;
> (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case.

Kazanjian v. Astrue, No. 09-CV-3678, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011) (citing Wells, 907 F.2d at 372). Because "a contingency fee is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment," Wells, 907 F.2d at 371, a court should not reduce the agreed-upon fee without adequate justification, Torres v. Colvin, No. 11-CV-5309, 2014 WL 909765, at *3 (S.D.N.Y. Mar. 6, 2014) (citing Blizzard v. Astrue, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007)).

As noted above, the fee requested by Schiebel's counsel is not in excess of twenty-five percent of the past-due benefits. Ex. C at 1–3. Moreover, there is no indication in the record that

3

the fee agreement was obtained through fraud or overreaching or that Schiebel's counsel was ineffective or created unneeded delay. Accordingly, the only question for the Court is whether the fee award requested would provide a windfall to Schiebel's attorney. While the Commissioner does not oppose Schiebel's Motion, she does point to the hourly rated implied by the request for attorney's fees, suggesting that she views the main issue here as the question whether the fee award would constitute a windfall. Letter Br. at 2.

In determining whether a given fee award constitutes a windfall, a court should evaluate three factors:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Blizzard, 496 F. Supp. 2d at 323. A court may award a fee only for work performed before it, but "the work performed by the attorney at the agency-level is relevant insofar as it assists the court in understanding 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" Benton, 2007 WL 2027320, at *2 (quoting Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005)).

With respect to the first factor, there is no question that Schiebel's attorneys' efforts were successful for him. Through their efforts, he managed to obtain past-due benefits in the amount of $107,324.80 (minus the requested attorney's fees) in addition to monthly benefits of $1,661. Ex. B at 1. Moreover, there is significant evidence that Schiebel's attorneys did not merely submit boilerplate pleadings, and that instead they expended considerable effort drafting a well-

4

reasoned and persuasive brief in support of Schiebel's position. See Dkt. No. 13 ("Plaintiff's Brief"). Indeed, an examination of the time sheets submitted by Schiebel's counsel reveals that 18.4 of the 27.5 hours spent on the case at the district-court level were devoted to researching, writing, and reviewing the brief. Dkt. No. 20-5 ("Exhibit D") at 1. Four days after the submission of the brief, both parties entered into a stipulation agreeing to remand the case, Stipulation, which provides some evidence that the arguments advanced by Schiebel's attorneys were effective. Further, as Schiebel's counsel points out, the Olinsky Law Group, which represented Schiebel in this case, has extensive experience in representing Social Security claimants. Mem. ¶ 9. This experience likely contributed to the efficiency with which Schiebel's counsel handled the case. While the hourly rated suggested by the requested fee award ($975.68) does appear high, "to reject a fee request because the resultant hourly rate is too high serves only to penalize efficiency, rather than rewarding it." Torres, 2014 WL 909765, at *5. Also, although the Court cannot award fees based on this work, Schiebel's attorneys spent 28.7 hours on his case at the agency level, Ex. D at 4–6, which is suggestive of the complexity of the case, Benton, 2007 WL 2027320, at *2 (quoting Mudd, 418 F.3d at 428).

Moreover, the hourly rated implied by the requested fee award is in line with those regularly approved by district courts in this circuit. See, e.g., id. at *4 ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00."); Kazanjian, 2011 WL 2847439, at *2 (approving a fee award that amounted to an hourly rate of $2,100); Trupia v. Astrue, No. 05-CV-6085, 2008 WL 858994, at *4 (E.D.N.Y. Mar. 27, 2008) (approving a requested fee award that came to an hourly rate of $1,714.09); Boyd v. Barnhart, No. 97-CV-7273, 2002 WL 32096590, at *3 (E.D.N.Y. Oct. 24, 2002) (awarding a fee that amounted to an

5

hourly rate of $1324.52). While courts have sometimes reduced fee awards amounting to around $1,000 an hour, e.g., Whittico v. Colvin, No. 09-CV-907, 2014 WL 1608671, at *5 (N.D.N.Y. Apr. 22, 2014), those cases are readily distinguishable from the present case. For example, in Whittico, the court justified its decision to reduce the fee award as follows:

> [T]he work that Plaintiff's counsel expended before this Court was minimal and, primarily, routine in nature. He did not file a legal brief in this case regarding the merits of Plaintiff's claims because the Court, as a result of the parties' stipulation, remanded this case pursuant to sentence six of § 405(g). Furthermore, many of the 12.5 hours that Plaintiff's counsel expended on work before this Court involved reviewing decisions or other documents, telephone conferences, and correspondence; and, in addition, 2.8 of those hours involved Plaintiff's motion for fees under the EAJA.

Id. at *6. Here, on the other hand, the work performed by Schiebel's counsel was not primarily routine in nature. Instead, as discussed above, most of the time Schiebel's attorneys spent on this case at the district-court level involved preparing a thorough and persuasive brief regarding the merits of Schiebel's position. Ex. D at 1. This brief was filed with the Court and arguably contributed to the Commissioner's decision to stipulate to a remand.

Mindful of "the deference owed to lawful attorney-client fee agreements," in addition to "the interest in assuring that attorneys continue to represent clients such as Plaintiff," Rymer v. Colvin, No. 12-CV-644, 2016 WL 946666, at *2 (W.D.N.Y. Mar. 14, 2016), the Court finds that the requested fee award of $26,831.20 is reasonable. Accordingly, the Court grants Schiebel's counsel's Motion and awards attorney's fees in the amount of $26,831.20. After receiving these fees, Schiebel's counsel shall immediately refund Schiebel the EAJA fees, which amounted to $4,829.03.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1) is **GRANTED** in the amount of $26,831.20; and it is further

**ORDERED**, that the $26,831.20 in attorney's fees shall be paid to Plaintiff's counsel out of the amount that Defendant has withheld from Plaintiff's past-due benefits; and it is further

**ORDERED**, that immediately after receiving the $26,831.20 in attorney's fees, Plaintiff's counsel shall refund Plaintiff the EAJA fee award of $4,829.03; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   December 19, 2016
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge